■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES RAUNCE, Appellant.— Order, Supreme Court, New York County, entered March 3, 1971, denying without a hearing defendant's petition for a writ of error *coram nobis* to vacate a judgment entered November 12, 1946, convicting appellant after a jury trial of murder second degree and sentencing him to imprisonment for 20 years to life, is affirmed. One quarter of a century after conviction defendant has come forth with a petition alleging that he was never advised of his right to appeal either by the court or counsel. He alleged further, that if any notice of appeal was ever filed, he was not so informed, nor was he aware that the appeal was dismissed. In fact, it does appear that a notice of appeal was filed but that the appeal was dismissed on April 30, 1947. We believe the petition is defective and that no issues are raised requiring a direction of a hearing. Defendant's assertions are couched in conclusory language and not supported by any evidence. (*People* v. *Murphy,* 20 A D 2d 222.) He has failed to submit any affidavit from his attorney and has not offered any explanation for his failure to do so. (See *People* v. *Scott,* 10 N Y 2d 380.) He does not indicate that he has tried to contact the attorneys who represented him at trial and who filed a notice of appeal and whether or not they are still available. Additionally, the petition is devoid of facts indicating just when and how defendant became aware of the right to appeal. This claim being made so long after trial, it is not unreasonable to require defendant to initially come forth with something more than conclusory worded phrases bringing defendant within the ambit of various cases. It is obvious at this point that defendant, who was indicted for murder first degree upon which he faced a death sentence and was convicted of murder second degree, has everything to gain and nothing to lose by now reopening these proceedings. In these circumstances, it might have been a deliberate strategy not to perfect the appeal at an earlier date because of the possibility that upon a retrial a jury might have found defendant guilty of first degree murder. (Cf. *People*

v. *Lampkins,* 27 N Y 2d 848.) Concur — McGivern, J. P., McNally, Steuer and Tilzer, JJ.; Murphy, J., dissents in the following memorandum: The defendant was convicted, after trial, on October 21, 1946 of murder in the second degree. On November 12, 1946 he was sentenced to a term in State prison of 20 years to life. A timely notice of appeal was filed by defendant's assigned counsel, but on April 30, 1947 this court dismissed the appeal. In this *coram nobis* petition the defendant contends that he was never advised of his appellate rights by either assigned counsel or the court and that counsel, after filing a notice of appeal without his knowledge, did not perfect his appeal. He urges that " a hearing is warranted on his allegation that he was never advised of his right to appeal and was never informed that a notice of appeal was filed in his behalf and ultimately dismissed." The precise point was considered by the Court of Appeals in *People* v. *Adams* (12 N Y 2d 417), where the petitioner alleged that after the defendant's conviction his court-assigned lawyer timely appealed but then took no subsequent action on the appeal and it was dismissed without his knowing of its existence or of his right to appeal. The court in *Adams* said (p. 420) : " Obviously, if defendant's sworn petition speaks truthfully, his right to appeal has been effectively frustrated". Although dismissed on procedural grounds the court said (p. 421) : " In dismissing this appeal, however, we make it clear that defendant's right and remedy is by a *coram nobis* petition * * * and to a hearing as to the truth of his assertions. If he proves them, he will be entitled to the reinstatement of his appeal to the Appellate Division from the judgment of conviction." The District Attorney has been candid with the court and, although agreeing with the court below, has very fairly explored the alternatives. The People have properly set forth the issue in a hearing to be: Whether appellant's assigned counsel did, as appellant claimed in his petition, gratuitously permit his appeal to be dismissed. This defendant had counsel during the critical stage, and if his counsel withdrew the appeal it cannot now be reinstated. On the other hand, if the appeal was not perfected because of his counsel's negligence, then his appeal should be reinstated. Accordingly, it should be remanded for hearing.